UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-14303-GAO

JAIDEEP S. CHAWLA,
Plaintiff,

v.

AMY PITTER, in her official capacity as Commissioner
of the Massachusetts Department of Revenue,
U.S. DEPARTMENT OF JUSTICE, and
UNITED STATES OF AMERICA,
Defendants.

OPINION AND ORDER
July 16, 2015

O'TOOLE, D.J.

The plaintiff, acting *pro se*, brings this action for declaratory judgment and injunctive relief against defendants Amy Pitter in her official capacity as Commissioner of the Massachusetts Department of Revenue, the United States Department of Justice ("DOJ"), and the United States of America.

Count I is brought against Pitter. It purports to allege a claim under 42 U.S.C. § 1983. Specifically, it alleges that the Commissioner's "*de facto* bifurcated enforcement" of the Massachusetts Controlled Substances Tax, Mass. Gen. Laws ch. 64K ("CST"), violates the equal protection clause of the Fourteenth Amendment and asks this Court to "command the enforcement" of the CST. (Amended compl. ¶¶ 97, 103 (dkt. no. 18).) The theory of Count II is unclear, but it appears to seek a declaratory judgment against the United States and DOJ to the effect that it would be unconstitutional to prosecute the plaintiff under the federal Controlled

Substances Act, 21 U.S.C. § 801 *et seq.* ("CSA"), for possession of any marijuana on which he has paid taxes to Massachusetts under the CST.

The defendants have filed motions to dismiss. In opposing those motions, the plaintiff has also moved for summary judgment in his favor on both counts.

Even allowing for a liberal construction of the *pro se* plaintiff's complaint, <u>Ahmed v. Rosenblatt</u>, 118 F.3d 886, 890 (1st. Cir. 1997), the complaint fails to state a claim upon which relief can be granted.

Count I fails to allege the deprivation of a federal right as required under 42 U.S.C. § 1983. <u>See</u> <u>Sanchez v. Pereira-Castillo</u>, 590 F.3d 31, 41 (1st Cir. 2009) (listing elements for § 1983 liability). The plaintiff complains that the Commissioner unconstitutionally differentiates between what the plaintiff has dubbed classes of "compliers" and "violators." "Compliers," according to the plaintiff's taxonomy, voluntarily pay a CST; "violators" do not. Yet the plaintiff concedes that the Commissioner has not actually enforced the CST against *anyone* since the Supreme Judicial Court's decision in <u>Comm'r of Revenue v. Mullins</u>, 702 N.E.2d 1 (Mass. 1998) which held the tax to be a penalty as to which the doctrine against double jeopardy applied. (Amended compl. ¶¶ 32-34.) The voluntary election of the plaintiff to pay taxes under the CST cannot be the basis for an equal protection claim for selective enforcement, where the Commissioner does not enforce the tax against anyone.

Additionally and alternatively, Count I must be dismissed under Rule 12(b)(1) because the plaintiff lacks standing. He has failed to show that he has suffered, or is in imminent danger of suffering, any injury from the Commissioner's alleged actions[1] that is concrete and particularized. <u>Lujan v. Defenders of Wildlife et al.</u>, 504 U.S. 555, 560 (1992).

---

[1] The Commissioner's non-enforcement of the CST is better described as inaction.

The plaintiff's theory of liability as to Count II is not clear from the face of the complaint. Even assuming his subsequent papers can substitute for adequate pleading in the complaint, what claim is being asserted remains obscure. In his third attempt at clarification, the plaintiff states, "[a]t issue in Count II is . . . whether the Controlled Substance Act or any other federal law may be employed by the Federal Defendants to interfere with, investigate, interdict, and/or prosecute Plaintiff's voluntary compliance with the CST occurring within the jurisdiction of the Commonwealth of Massachusetts." (Reply to Fed. Defs.' Opp'n to Mot. for Summ. J. on Count II at 4 (dkt. no. 44).) In the first place, this claim is also subject to dismissal under Rule 12(b)(1). The plaintiff lacks standing because he has not alleged that he faces a credible threat of prosecution, Younger v. Harris, 401 U.S. 37, 42 (1971), and, lacking substantial controversy and sufficient immediacy, the claim essentially seeks an advisory opinion, Mass. Delivery Ass'n v. Coakley, 769 F.3d 11, 16 (1st Cir. 2014).

Additionally, the federal defendants discern in Count II a potential double jeopardy or Tenth Amendment claim. To the extent the plaintiff claims federal prosecution would implicate double jeopardy, he should be reminded that the CST and CSA involve separate sovereigns. See Heath v. Alabama, 474 U.S. 82, 88 (1985). To the extent he argues prosecution under the CSA violates the Tenth Amendment, that argument is squarely foreclosed by Gonzales v. Raich. 545 U.S. 1 (2005) (holding that the Commerce Clause grants Congress authority to regulate intrastate marijuana use through enactment of the CSA).

Because the complaint is subject to dismissal, the plaintiff is incorrect that summary judgment in his favor is appropriate.

For the reasons stated herein, the plaintiff's motions for summary judgment (dkt. nos. 30 and 39) are DENIED. The defendants' motions to dismiss (dkt. nos. 22 and 26) are GRANTED.

The action is DISMISSED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge