UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-14303-GAO

JAIDEEP S. CHAWLA,
Plaintiff,

v.

AMY PITTER, in her official capacity as Commissioner
of the Massachusetts Department of Revenue,
U.S. DEPARTMENT OF JUSTICE, and
UNITED STATES OF AMERICA,
Defendants.

OPINION AND ORDER
October 28, 2015

O'TOOLE, D.J.

The plaintiff, acting *pro se*, brought this action seeking declaratory judgment and injunctive relief against Amy Pitter, in her official capacity as Commissioner of the Massachusetts Department of Revenue, the U.S. Department of Justice, and the United States of America. This Court granted the defendants' motions to dismiss for want of jurisdiction and failure to state a claim upon which relief can be granted and dismissed the case on July 16, 2015. (dkt. no. 52.) The plaintiff now brings three new motions, (1) requesting reconsideration of this Court's July 16 decision, or alternatively, certifying several questions for the Massachusetts Supreme Judicial Court, (2) requesting leave to amend his complaint, and (3) requesting that Count II of his complaint be dismissed as moot. Those motions will be taken in turn.

## I.      Motion for Reconsideration

In his motion for reconsideration, the plaintiff claims that this Court committed a factual mistake when I noted that the payment of a state controlled substances tax ("CST") was voluntary and that the Commissioner does not actively enforce the tax against anyone. The plaintiff appears

to contend that because the Commissioner is "responsible for the enforcement" of the CST, <u>see</u> M.G.L. ch. 64K, § 2, voluntary payment of the CST is a "criminal enforcement action," and thus not voluntary, (<u>see</u> Mem. in Supp. of the Pl's Mot. for Recons. of this Ct's Op. & Order & J. of Dismissal Dated July 16, 2015, or, in the Alternative, for Order Certifying Legal Questions to the Mass. Supreme Judicial Court 5 (dkt. no. 59)). This semantic argument is both nonsensical and unpersuasive. The plaintiff does not deny that the Commissioner has not taken any positive action to enforce the CST since the Supreme Judicial Court's decision in <u>Commissioner of Revenue v. Mullins</u>, 702 N.E.2d 1 (Mass. 1998). Indeed, that the Commissioner has done nothing is the basis for his complaint. Thus, in any practical sense, payments to the CST truly are voluntary.

The remainder of the plaintiff's arguments in his motion—both on the failure to state a claim and the lack of standing—are meritless for the reasons described in this Court's prior order. Because the Commissioner does not enforce the tax against anyone, there can be no claim for selective enforcement, and because the plaintiff has failed to show that he has suffered, or is in imminent danger of suffering, any injury, he has no standing.

Finally, because his claims are meritless, there is no need to certify any question of state law to the Supreme Judicial Court.

## II. <u>Leave to File a Second Amended Complaint</u>

The plaintiff also seeks leave to file a second amended complaint. A plaintiff may amend his complaint once as a matter of course, but subsequent amendments require leave from the court. Fed. R. Civ. Pro. 15(a). Leave should be given freely "when justice so requires." Fed. R. Civ. Pro. 15(a)(2). If amending the complaint would be futile—say because the proposed amended complaint would still be subject to dismissal under Federal Rule of Civil Procedure 12(b)(6)— leave need not be granted. <u>See</u> <u>Hatch v. Dep't for Children, Youth & Their Families</u>, 274 F.3d 12,

19 (1st Cir. 2001) ("Where an amendment would be futile or would serve no legitimate purpose, the district court should not needlessly prolong matters." (quoting <u>Correa-Martinez v. Arrillaga-Belendez</u>, 903 F.2d 49, 59 (1st. Cir 1990))). The plaintiff has already amended his complaint once and requires leave to file a second amended complaint. (<u>See</u> First Am. Compl. (dkt. no. 18).)

Here, the plaintiff claims that his proposed second amended complaint corrects certain "Typographical Errors" that contributed to this Court's prior ruling. (<u>See</u> Pl.'s Mot. for Leave to File Second Am. Compl. (dkt. no. 55).) The most substantial difference between the two versions is an edit to Paragraph 32, where he now states that the Commissioner institutes a "criminal enforcement action" against those who pay the CST, apparently attempting to recast these voluntary tax payments as an act performed by the Commissioner. (<u>See</u> Pl.'s Mot. for Leave to File Second Am. Compl., Ex. 1, Second Am. Compl. ¶ 32 (dkt. no. 55-1).) The plaintiff also made some semantic changes to Paragraph 34. (<u>Compare</u> First Am. Compl. ¶ 34 ("[A]ll money collected by Defendant Commissioner pursuant to the CST has been and continues to be through the voluntary purchase of tax stamps."), <u>with</u> Pl.'s Mot. for Leave to File Second Am. Compl., Ex. 1, Second Am. Compl. ¶ 34 ("[A]ll money collected by Defendant Commissioner pursuant to the CST has been and continues to be through the 'voluntary purchase option.'").)

The plaintiff's change in nomenclature does not alter the underlying situation; the Commissioner does not take any active steps to enforce the CST. As discussed above and in this Court's prior opinion, the fact that enforcement authority for the CST is given to the Commissioner does not automatically convert a voluntary payment into selective enforcement by the Commissioner. Since the proposed complaint offers no new facts to support grounds for relief other than those already found meritless, amending the complaint would be futile. <u>See</u> <u>Hatch</u>, 274 F.3d at 19.

### III.    Motion to Dismiss Count II as Moot

The plaintiff's motion to dismiss his second count as moot is itself mooted because this Court is not granting either his motion for reconsideration or his motion for leave to amend the complaint. Therefore, the case remains dismissed as to Count II for the reasons stated in this Court's July 16 opinion.

### IV.    Conclusion

For the reasons stated above, the plaintiff's Motion for Reconsideration of this Court's Opinion and Order and Judgment of Dismissal Dated July 16, 2015, or, in the Alternative, for Order Certifying Legal Questions to the Massachusetts Supreme Judicial Court (dkt. no. 58) is DENIED, and the plaintiff's Motion for Leave to File Second Amended Complaint (dkt. no. 55) is likewise DENIED. The plaintiff's Motion to Dismiss Count II as Moot (dkt. no. 56) is MOOT.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge